# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Laura M. Slice, | ) |
|                 Plaintiff, | )     C.A. No.: 6:16-cv-2933-PMD-KFM |
| v. | )     **ORDER** |
| Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, | ) |
|                 Defendant. | ) |

This matter is before the Court on Plaintiff Laura M. Slice's objections to United States Magistrate Judge Kevin F. McDonald's report and recommendation ("R & R") (ECF Nos. 22 & 20). The Magistrate Judge recommends that the Commissioner's decision be affirmed. For the reasons stated herein, the Court overrules Slice's objections and adopts the R & R.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985). Absent a timely, specific

objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Slice raises three somewhat overlapping objections to the R & R, each relating to the determination of her residual functional capacity ("RFC"). First, she objects to the ALJ's determination that a one-page medical source statement completed by one of her treating physicians, Dr. Willoughby, was entitled to little weight. Second, she objects to the ALJ's failure to address her inability to work on a sustained and continuing basis, as described in her own testimony and Dr. Willoughby's medical source statement. Third, she objects to the ALJ's evaluation of her subjective complaints. Those complaints influenced the ALJ's determination of her RFC and, in particular, her ability to work continuously. In sum, Slice's objections challenge the weight the ALJ gave to Dr. Willoughby's medical source statement and her own subjective complaints in determining her RFC. The Court first addresses the weight given to Dr. Willoughby's statement and Slice's pain testimony, then turns to Slice's ability to work continuously.

It is well settled that the RFC determination is a legal conclusion left for the ALJ. *See* 20 C.F.R. § 404.1527(d)(2). The ALJ can give weight to some evidence, while disregarding other evidence, when determining a claimant's RFC. *See Bacnik v. Colvin,* No. 1:12-CV-801, 2014 WL 3547387, at *4 n.7 (M.D.N.C. July 17, 2014). A reviewing court is required to uphold the ALJ's RFC determination so long as the ALJ applied the correct legal standards and made factual findings supported by substantial evidence. *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th

Cir. 2012). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . .'" *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "'[A] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The ALJ "must build an accurate and logical bridge from the evidence to his conclusion." *Id.* (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

Slice objects to the weight the ALJ gave to Dr. Willoughby's medical source statement when determining her RFC. The ALJ explained that he gave Dr. Willoughby's statement "little weight because treatment records, as discussed above, do not support it." (Social Security Admin. R., ECF No. 7-2, at 27.) The preceding paragraphs discuss treatment records from interactions Slice had with Dr. Willoughby, Dr. Brennan, Dr. Ross, and Dr. Chavez, and summarize some of those doctors' assessments. As the ALJ noted, those treating doctors—including Dr. Willoughby—repeatedly found that Slice had a normal or stable gait, intact sensation, normal motor strength, and experienced good pain relief from various treatments. Thus, the ALJ properly identified evidence that undermined Dr. Willoughby's medical source statement and provided the basis for the ALJ's determination that it was entitled to little weight.

Slice contends that the Magistrate Judge erred by providing "post-hoc" justifications for the ALJ's determination that Dr. Willoughby's statement was entitled to little weight. For example, though the ALJ did not specify that the length of the treatment relationship was among his reasons for giving Dr. Willoughby's statement little weight, the Magistrate Judge noted that

3

the statement said Slice had limitations since September 2011, even though Dr. Willoughby had only been treating her since January 2013. The Magistrate Judge also noted that Dr. Willoughby's statement was inconsistent with Dr. Ellison's treatment notes and recommendations, though the ALJ did not explicitly refer to Dr. Ellison's assessment in his decision. Though the Court acknowledges that the Magistrate Judge looked to parts of the record not specifically referenced by the ALJ, the Court disagrees with Slice's contention that this was improper. In *Heeman v. Colvin*, the court explained that when a magistrate judge "points to additional evidence in the record supporting the ALJ's opinion, the magistrate judge is not applying a post hoc rationale. Rather, the magistrate judge is simply noting that the substantial evidence relied upon by the ALJ is not inconsistent with other evidence in the record." No. 2:13-cv-3607-TMC, 2015 WL 5474679, at *3 (D.S.C. Sept. 16, 2015). Thus, the Magistrate Judge did not err when he noted additional evidence consistent with the ALJ's finding when determining the weight given to Dr. Willoughby's statement was supported by substantial evidence.

Similarly, substantial evidence supports the ALJ's assessment of Slice's subjective complaints of pain. The ALJ concluded that Slice's testimony was entitled to "little weight . . . because it is not consistent with the medical evidence of record as a whole." (Social Security Admin. R., ECF No. 7-2, at 25.) The ALJ acknowledged that Slice testified "to a significant impairment," but found that "the medical evidence reveals relatively benign clinical findings." (*Id.*) Further, he found that Slice was able to do many activities, such as take care of her dogs, go shopping, and clean her house, albeit with some breaks. Slice argues that the Magistrate Judge erred when reviewing this determination by stating that she could prepare meals for up to 45 minutes, when in fact she could only prepare meals for 30 minutes at a time. However, the Magistrate Judge properly relied on Slice's January 3, 2013 function report in which she wrote

that she prepared meals for "less than 45 minutes" with breaks. (Social Security Admin. R., ECF No. 7-6, at 204.) Though Slice's August 23, 2012 function report states that she prepared meals for less than 30 minutes, the Magistrate Judge did not err by stating a time frame that encompassed both reports. More importantly, meal preparation was just one of many activities the Magistrate Judge noted as substantial evidence supporting the ALJ's determination of the weight given to Slice's testimony about her pain. The Court agrees with the Magistrate Judge that substantial evidence in the medical records and Slice's account of her activities supports the ALJ's assessment of Slice's subjective complaints of pain.

Finally, Slice argues that while the Magistrate Judge acknowledged that she could do some activities only with rest periods, the ALJ failed to consider whether she could do sustained work. However, the ALJ clearly acknowledged that Slice had "periodic flare-ups," and he specified that she could do various activities of daily living "to some extent." (Social Security Admin. R., ECF No. 7-2, at 25–26.) Nonetheless, he also found that her statements "concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely credible." (*Id.* at 25.) The Court finds that the ALJ did consider Slice's ability to work continuously, he simply did not find that her flare-ups or limitations rose to the level of being disabling when determining her RFC.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that Slice's objections are **OVERRULED**, that the R & R is **ADOPTED**, and that the Commissioner's final decision is **AFFIRMED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**January 12, 2018**
**Charleston, South Carolina**

5